## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CLINT W. SITTON,**

                  **Plaintiff,**

    **v.**

                             **1:10-cv-2297-WSD**

**JONES, MARTIN, PARRIS &
TESSENER LAW OFFICES, PLLC,
and SAMUEL L. STARKS,**

                  **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Clint W. Sitton's (Sitton) Motion for Remand [5] and Defendant Samuel L. Starks ("Starks") Motion to Dismiss [6].

## I.    BACKGROUND

Sitton and Starks, both attorneys, were employed at Jones, Martin, Parris & Tessener Law Offices, PLLC ("Martin & Jones").  On October 15, 2009, Martin & Jones and Sitton signed a separation agreement ("Agreement") terminating Sitton's employment with Martin & Jones.  The Agreement provided that Martin & Jones was required to pay $10,000 to Sitton upon signing the Agreement ("Separation Payment") and a further $15,000, by December 31, 2009, if Martin & Jones was retained by its clients to serve as their exclusive attorneys-of-record through

December 31, 2010 ("Retention Bonus").  If any of Martin & Jones' current clients chose to leave Martin & Jones and engaged Sitton for their legal representation, the Retention Bonus was not required to be paid to Sitton ("Retention Provision"). The Retention Provision does not provide any other remedy to Martin & Jones if clients agreed at any other point to retain Sitton to represent them.  The Agreement also required Sitton to keep the existence and terms of the Agreement confidential ("Confidentiality Provision").  If Sitton breached this provision, he was required to return one half of the Separation Payment and one half of the Retention Bonus, and the breach allowed Martin & Jones to pursue any other remedy it may have against Sitton.

Before Sitton was terminated, Westrex Corporation ("Westrex") retained Martin & Jones to represent it in a dispute with the City of Atlanta.  Sitton and Starks, another Martin & Jones lawyer, handled Westrex's representation in the dispute.  Two weeks after Martin & Jones terminated Sitton, Westrex terminated its attorney-client relationship with Martin & Jones and retained Sitton.  Sitton ultimately helped Westrex reach a $2.5 million settlement with the City of Atlanta. Sitton earned $1 million in fees for his work pursuant to a contingency fee arrangement he entered into with Westrex when he was retained.

After Westrex prevailed, Martin & Jones filed suit in the Fulton County Superior Court seeking a reasonable fee for the work Martin & Jones performed for Westrex prior to Westrex retaining Sitton.  A jury returned a verdict in the amount of $20,750.12 in favor of Martin & Jones to compensate it for the work it performed on the case before Sitton was retained.

Sitton alleges that Martin & Jones and Starks have made demands that Sitton breached various duties owed to the firm that terminated him and otherwise owes some unspecified amount of money to Martin & Jones, including some unspecified portion of the fee Sitton earned in the Westrex matter.  On July 20, 2010, Sitton filed a declaratory judgment action against Martin & Jones and Starks ("Defendants") in the Fulton County Superior Court, seeking a declaration that Sitton does not owe any duty or obligation, and is not required to pay any amount of money under the Agreement or otherwise, to the Defendants.  On July 22, 2010, the case was removed to this Court.  Defendants based the removal on diversity jurisdiction.  On August 10, 2010, Sitton moved to remand this action back to the Fulton County Superior Court [5].  Sitton also seeks attorney's fees and costs incurred to require this case to be remanded.  On August 10, 2010, Starks moved to dismiss the claims against him [6].

## II.    DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Where the propriety of removal is in question, the removing party bears the burden of demonstrating, by a preponderance of the evidence, that removal is proper.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  To determine whether a defendant has carried its burden, the Court may examine the underlying complaint, the removal petition, and may require the parties to submit "summary judgment type evidence" relevant to amount in controversy at the time of removal.  Id.  Mere conclusory allegations that the amount in controversy is satisfied will not satisfy a defendant's burden.  Id. at 1319-20.

Defendants claim this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides for "original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a). For this Court to retain jurisdiction, Defendants must show that removal was proper by demonstrating that both the amount in controversy and diversity requirements of Section 1332 are satisfied.  Williams, 269 F.3d at 1319.

      A. Amount in Controversy

The amount in controversy is determined from the face of the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"  Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961).  Where the amount in controversy is not clear from the complaint, the party asserting removal jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319.  "Where a plaintiff seeks declaratory or injunctive relief . . . the removing defendant must prove that the value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff if the injunction were granted."  D and R Party, LLC, v. Party Land, Inc., 406 F. Supp. 2d 1382, 1384 (N.D. Ga. 2005).  "This monetary value must be measured solely from the

plaintiff's perspective." <u>Id.</u> (citing <u>Ericsson GE Mobile Commc'ns, Inc. v.

Motorola Commn'cs & Elecs., Inc.</u>, 120 F.3d 216, 218 (11th Cir. 1997)).

Sitton's complaint alleges that both Starks and Martin & Jones made claims

and demands for some "unqualified portion" of the attorney's fees Sitton earned

through his representation of Westrex and other clients.  The complaint does not

include an ad damnum specifying the value of the claim and the complaint does

not otherwise state an amount in controversy.  Because Sitton did not plead a

specific amount of damages, Defendants must prove, by a preponderance of the

evidence, that the amount in controversy at the time of removal exceeds the

jurisdictional requirement of Section 1332.  <u>Williams</u>, 269 F.3d at 1319.

The Eleventh Circuit has explained that when the "jurisdictional amount is

not facially apparent from the complaint, the court should look to the notice of

removal and may require evidence relevant to the amount in controversy at the

time the case was removed."  <u>Id.</u>  Defendant's notice of removal acknowledges that

Sitton earned $1 million through his representation of Westrex.  Defendants

summarily allege in the Notice of Removal that "[b]ased on Sitton's claims and

request for declaratory judgment, the value of the object of the litigation includes,

but is not limited to, the value of the Westrex fee ($1 million), as well as the value

of other potential claims against Sitton.  The value of the object of the litigation thus exceeds $75,000."

The Court concludes that Defendants have not shown by the preponderance of the evidence that the amount in controversy exceeds the statutorily prescribed amount.  Defendants base their amount-in-controversy position on Sitton's declaratory judgment claim, but that claim only concerned an unspecified amount of the fee Sitton earned through representing Westrex.  The notice of removal simply assumes that the entire $1 million dollar fee is at issue, but there are no facts to support that conclusion and Defendants have not explained why they believe the entire fee is now at issue.  Instead of alleging underlying facts supporting their assertion, Defendants conclusorily assert and conclude that the amount in controversy exceeds $75,000.  This is exactly the type of allegation the Eleventh Circuit has cautioned against.  Id. at 1319-20 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

Even if Defendants had alleged more certain facts, it appears that the amount in controversy requirement has not been satisfied.  The Retention Provision of the Agreement provided that Martin & Jones would pay Sitton a $15,000 Retention

Bonus if Martin & Jones' clients remained with the firm for a period of time after Sitton's termination.  However, if any of Martin & Jones' clients left during that time, Sitton would forfeit the Retention Bonus.  Sitton argues that this Retention Provision is a liquidated damages provision and that it is the sole remedy available to Martin & Jones.  Sitton argues that because the liquidated damages are less than $75,000, the amount in controversy requirement is not satisfied.

Defendants do not argue that the Retention Provision is not a liquidated damages provision, but argue that the Retention Provision is not the sole and exclusive remedy for Martin & Jones' loss of clients.  To support its position, Defendants highlight the Agreement's Confidentiality Provision, which provides that if Sitton discloses the existence or terms of the Agreement, Sitton will forfeit half of the payments Sitton received under the Agreement and that this "liquidated damages" provision shall not be Martin & Jones' sole remedy to redress breach. Defendants argue that because the parties specifically spelled out the forfeiture of payments as liquidated damages for breach of the Confidentiality Provision, the absence of similar language in the Retention Provisions suggest that Sitton's forfeiture of the Retention Bonus is not its sole remedy.

The Court disagrees.  The Retention Provision required Sitton to forfeit the $15,000 Retention Bonus if any client left Martin & Jones following Sitton's

departure.  Martin & Jones did lose clients, and – as provided for in the Agreement – withheld from Sitton the $15,000 Retention Bonus.  The Agreement provides for no further recovery.  Martin & Jones, as the drafter of the Agreement, demonstrated that it understood how to retain remedies beyond liquidated damages in the context of the Confidentiality Provision.  The fact that the Agreement is silent on remedies beyond the forfeiture of the Retention Bonus for violations of the Retention Provision indicates that the parties intended to limit Sitton's liability to Martin & Jones' for the firm's loss of clients.  Without contrary language in the Agreement, the Court will construe the liquidated damages provision as the sole remedy available to Martin & Jones.  See O.C.G.A. § 13-6-7; Se. Land Fund, Inc. v. Real Estate World, Inc., 227 S.E.2d 340, 343 (Ga. 1976) ("A non-breaching party who has agreed to accept liquidated damages cannot elect after a breach to take actual damages . . . The liquidated damages become the maximum as well as the minimum sum that can be collected.")

The parties also spend a significant portion of their briefs arguing the implications of the Fulton County Superior Court's award of $20,750.12 in favor of Martin & Jones in its dispute with Westrex.  The Court concludes that dispute is

of little impact here because it has no *res judicata* effect[1], and even if it somehow could be aggregated to the liquidated damages provision, Defendants still fall short of showing that the amount in controversy exceeds $75,000.[2]

Because the Court finds that the Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court concludes this action is required to be remanded to the Fulton County Superior Court.

B. Motion for Attorney's Fees

Plaintiff requests that this Court impose costs and fees upon Defendant pursuant to 28 U.S.C. § 1447(c).  Plaintiff also asks the Court to retain jurisdiction over the issue of sanctions after remand in order for Sitton to provide an accounting of fees and costs and to determine the scope and amount of such sanctions.

---

[1] "The doctrine of *res judicata* . . . will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).  The state court dispute was between Martin & Jones and Westrex, and it dealt with value of unpaid attorneys' fees Martin & Jones earned while representing Westrex.

[2] The verdict in the claim by Martin & Jones for their services in the Westrex matter itself, which was only $20,750.12, suggests that the amount in controversy between the parties falls short of the jurisdictional amount required by Section 1332.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "[A]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The mere fact that a case is remanded does not create a presumption in favor of awarding fees.  See Bauknight v. Monroe Cnty., 446 F.3d 1327, 1329 (11th Cir. 2006).  Ultimately, an award of attorney's fees is in the discretion of the court.  See id. at 1332.

The Court finds an award of attorney's fees and costs inappropriate. Defendants have raised a colorable argument that this Court had jurisdiction over this action.  While the Court disagreed and determined that federal subject matter jurisdiction did not exist here, Defendant's removal of the action was objectively reasonable.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of this Court is directed to **REMAND** this action to the Superior Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that Sitton's request for fees and costs is denied.

Because this Court does not have subject matter jurisdiction, it would be improper for it to rule on Starks' Motion to Dismiss [6].

**SO ORDERED** this 30th day of December, 2010.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE